IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.,** | * <br> * <br> * |
| Plaintiff, | * <br> * |
| v. | *    Civil Action No. GLS-22-745 <br> * |
| **IMPERIAL GROUP, INC.,** *et al.*, | * <br> * |
| Defendants. | * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending before this Court is an "Application to Confirm Arbitration Award" ("Application") against Defendants Imperial Group, Inc. and Adnan Z. Chaudhary ("Defendants"), which was filed by Plaintiff Choice Hotels International, Inc. ("Choice Hotels" or "Plaintiff") on March 28, 2022. (ECF No. 1). In the Application, Plaintiff alleges that the Defendants breached two franchise agreements, which results in damages in the amount of $148,180 plus post-judgment interest. The Court has reviewed the filings in this case, and finds that no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Request for Default Judgment is **GRANTED IN PART** and **DENIED IN PART**.

    **I.**    **BACKGROUND AND PROCEDURAL HISTORY**

According to the Arbitration Award and attachments related thereto, Defendant Imperial Group, Inc. entered into two franchise agreements with Choice Hotels on March 28, 2018 to operate two hotels in Tulsa, Oklahoma. Related to these two agreements, Defendant Chaudhary executed two personal guarantees. The franchise agreements required Defendants to renovate the hotels and open then, which Defendants never did. Ultimately, Choice Hotels sent notices of

default to the Defendants, followed by formal notices of termination, which required the Defendants to cure their default by paying liquated damages. When Defendants failed to pay liquidated damages, Choice Hotels initiated arbitration proceedings. Defendants neither attended nor otherwise participated in the October 6, 2021 arbitration hearing. As a result, on October 19, 2021, the arbitrator awarded $148,180 in damages, which consisted of liquidated damages ($144,000), administrative fees and expenses of the American Arbitration Association and compensation for the arbitrator. (ECF Nos. 1, 1-2, 1-3, 15). The arbitrator also awarded interest on $144,000, "if the award is not paid within 30 days," and "at the Maryland statutory rate on judgments." (ECF No. 1-3, "Arbitration Award").

On May 7, 2022, Defendants were served with summonses and the application to confirm the arbitrator's award. (ECF No. 8). However, to date, Defendants have failed to file any response or challenge Plaintiff's application. On June 28, 2022, Choice Hotels filed a "Request for Entry of Default," and a "Request for Judgment by Default." (ECF Nos. 7-8). The Request for Judgment requests that the Court confirm the arbitration award of $148,180 and impose post-judgment interest on that amount. The Request for Judgment also seeks an award of $400.00 for the cost of Plaintiff filing this action. (ECF No. 8). On June 28, 2022, Choice Hotels provided proof of service of the default and judgment requests to the Defendants. (ECF No. 9). To date, Defendants have not responded to the Requests.

On October 11, 2022, the Clerk of the Court entered an Order of Default against Defendants, pursuant to Federal Rule of Civil Procedure 55(a), and notified Defendants that judgment could be entered should they fail to respond. (ECF Nos. 11-13).

## II.   DISCUSSION

### A.  Legal Standard

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. Upon motion of a party, Rule 55(a) provides that a default judgment can be entered when a defendant fails to "plead or otherwise defend in accordance with [Rule 55]." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

If a party's factual allegations are unchallenged because of a defendant's unresponsiveness, a district court has the discretion to grant default judgment. *See* Fed. R. Civ. P. 55(a)–(b); *see also Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond0; *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005); *Park Corp v. Lexington Ins. Co.*, 82 F.2d 894, 896 (4th Cir. 1987) (affirming default judgment when defendant lost summons and did not respond within the proper timeframe).

When default judgment is sought with respect to an application for confirmation of an arbitration award, the plaintiff "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice Hotels Int'l, Inc. v. Savannah Shakti Corp.,* Civ. No. DKC 11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011)(citations and internal quotation marks omitted).

### B.  The Arbitration Award

The Federal Arbitration Act provides, in part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties,

3

> then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (2012).

In the instant case, the Court finds that both franchise agreements contains the identical arbitration clause, which provides that: (a) "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration;" (b) " the arbitrator will apply the substantive laws of Maryland;" (c)" [j]udgment on the arbitration award may be entered in any court having jurisdiction;" and (d) "any arbitration will be conducted at [Choice Hotels'] headquarters in Maryland." (ECF Nos. 1-2, 15). The Court also finds that Choice Hotels filed its application to confirm the award within one year of the arbitrator's decision. Next, although the Arbitration Award does not indicate in which judicial district the arbitration hearing occurred, the arbitrator awarded interest using the Maryland statutory rate, and the franchise agreements provide that the arbitration was to occur in Maryland. *Id.* The Court further finds that, consistent with 28 U.S.C. § 1332(a), the parties in this case are diverse, and the amount in controversy satisfies the minimum amount required for diversity jurisdiction. Accordingly, the Court finds that it has jurisdiction to confirm the arbitration award.

In this district, judicial review of an arbitration award is limited. Specifically: (a) if a clause in a valid franchise agreement provides for arbitration; and (b) an arbitration was conducted pursuant to that clause, then a court's review of an arbitrator's decision is only "to determine. . .whether the arbitrator did [her] job, not whether [s]he did it well, correctly, or reasonably, but simply whether [s]he did it." *Choice Hotels  Int'l, Inc. v. Mander*, Civ. No. GJH 14-3159, 2015 WL 1880277, at *3 (D. Md. Apr. 22, 2015)(citing *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012)(further citations and internal quotation marks omitted)). In addition, Section 10 of the Federal Arbitration Act limits review to the following grounds:

4

>   (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or misconduct on the part of the arbitrators; (3) the arbitrators were guilty of misconduct by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers.

9 U.S.C. § 10(a).  Where an arbitration award is challenged, the party opposing the award bears the burden of proving the existence of grounds for vacating the award.  *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

In this case, the claims resolved by arbitration were within the scope of both franchise agreements.  The franchise agreements provide that a claim for breach of the agreement is subject to arbitration, and the arbitrator awarded damages for breach of the parties' franchise agreements.  As set forth earlier, Choice Hotels filed for confirmation within a year after the arbitration award was granted.  Furthermore, although Defendants were served in this case and received notice of the application to confirm the arbitration award and the Request for Judgement by Default, Defendants have failed to answer Plaintiff's application or the Request for Judgment.  The Court further finds that There is nothing in the record to suggest that any of the limited grounds for setting aside an arbitration award are present in this case.  *See* 9 U.S.C. § 10(a).  Accordingly, the Court will grant the Request for Default Judgment to the extent that it seeks confirmation of the arbitrator's award of $148,180, plus post-award interest on $144,000 of the award at the judgment rate of interest permitted by Maryland law from November 19, 2021 (30 days after the date of the arbitration award) to the date of this Order.

### C.  Post-Judgment Interest and Costs

In the Request for Judgment by Default, it is not clear whether Choice Hotels also requests post-judgment interest for the time period following this Court's grant of default judgment. (ECF No. 8).  To the extent that Plaintiff seeks post-judgment interest for this period, 28 U.S.C. § 1961(a) entitles Choice Hotels to such post-judgment interest even without a court award in this

5

amount.

Finally, in its Request for Judgment by Default, Choice Hotels seeks award of $400.00 in costs for this action. (ECF No. 8). In the Request for Default, Plaintiff fails to identify any case law to support this request. More important, the Court must deny this request because Choice Hotels did not seek costs of this action in its Application to Confirm Arbitration Award. Fed. R. Civ. P. 54(c) makes clear that the Court cannot order a default judgment in an amount higher than what was sought in the pleading initiating the action.

### III.  CONCLUSION

For the foregoing reasons, Choice Hotels' Request for Default Judgment, (ECF No. 8), is **GRANTED IN PART** and **DENIED IN PART**. The Request is **GRANTED** to the extent it seeks confirmation of the arbitrator's award. The Court therefore enters judgment in the amount of $148,180, plus post-award interest on $144,000 at the judgment rate of interest permitted by Maryland law from November 19, 2021 (30 days after the date of the arbitration award) to the date of this Order. The Motion is **DENIED** to the extent it seeks court costs for this action.

A separate Order follows.

Date: November 14, 2022                                  /s/
                                                  The Honorable Gina L. Simms
                                                  United States Magistrate Judge